IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | | |
|---|---|---|
| CASTRO CHEESE CO., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 07 CV 6107 |
| | § | |
| LA VAQUITA INC., | § | |
| and VAQUITA CHEESE INC. | § | |
| | § | |
| Defendants. | § | |

**PARTIAL CONSENT JUDGMENT**

Castro Cheese Company, Inc. and Defendant, La Vaquita Inc., have agreed to settle and request that this Partial Consent Judgment be entered.

The Court makes the following findings of fact, conclusions of law, and order as agreed upon by the parties.

**I.   PARTIES**

1.   Castro Cheese Company, Inc. ("Castro Cheese") is a Texas corporation having a business address of 4006 Campbell Road, Houston, Texas 77080.

2.   La Vaquita Inc. ("La Vaquita") is a New York corporation having a business address of 216 East 117th Street, New York, New York 10035.

**II.   NATURE OF THIS ACTION**

3.   This is an action for trademark infringement, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the State of New York.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Castro Cheese's claims under New York law.

5. This Court has personal jurisdiction over La Vaquita because it resides in and sell goods under the infringing mark in this district.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts complained of occurred in this district and La Vaquita distributes, sells, promotes, and/or intend to sell its infringing products in this district.

## IV. BACKGROUND

### A. Castro Cheese and its Marks

7. Castro Cheese is in the business of manufacturing fresh Mexican cheese products. Castro Cheese has been in the business making its unique specialty cheeses since about 1974.

8. The President of Castro Cheese, Mrs. Maria Castro, was raised on a farm in Mexico. There she helped her mother make a special fresh Mexican cheese.

9. After Mrs. Castro married and moved to Houston in 1972, she began experimenting with a process for making cheese of the type her mother taught her to make.

10. Over the course of about a year, Mrs. Castro experimented with different ingredients and processes until she discovered a way to make a cheese that was very similar in look, feel, and taste to the cheese which her mother had taught her to make years before.

11. After Mrs. Castro developed the process for making her cheese, she started making it for friends and acquaintances. She then started a successful business.

12. The cheese's taste, salt content, consistency, and unique crumbling ability set Castro Cheese's product apart from all the other cheeses in the marketplace.

13. In about 1976, the Castros purchased a building on Campbell Road in Harris County, Texas and began selling specialty cheese under the trademark LA VAQUITA®. That trademark has since been registered in the state of Texas and with the United States Patent and Trademark Office.

14. Over the years, Castro Cheese has developed a tremendous amount of goodwill in its LA VAQUITA® cheese. Members of the consuming pubic have now come to recognize the source of this specialty cheese based on the its unique name and label.

15. The popularity of Castro Cheese's goods is not limited to the Latin American/Hispanic consuming public. Castro Cheese sells its cheese to consumers spanning the cultural spectrum and to a diverse range of retail, wholesale, and restaurant establishments.

16. Castro Cheese is the owner of multiple United States Federal Trademark Registrations for its LA VAQUITA® mark and related packaging designs for "meats and processed foods, namely cheese" in International Class 29. Castro Cheese's registrations include the following:

| U.S. Registration Number | Mark | Date of Registration |
|---|---|---|
| 1,972,098 | LA VAQUITA | May 7, 1996 |
| 2,180,079 | LA VAQUITA & Design "La Vaquita" | August 11, 1998 |

These registrations are hereinafter collectively referred to as the "LA VAQUITA Marks." True and correct copies of these United States registrations are attached to this Partial Consent Judgment at Exhibit A. These registrations are valid and subsisting and are incontestable pursuant to 15 U.S.C. § 1065.

17. Castro Cheese's original and best selling product under the LA VAQUITA Marks is its Queso Fresco, a fresh white cheese. Photographs of Castro Cheese's Queso Fresco product, featuring the LA VAQUITA Marks, is attached as Exhibit B.

18. Castro Cheese has enjoyed significant sales of its products under its LA VAQUITA Marks. For example, in the period from 2002 - 2006, Castro Cheese sold cheese worth over $77,000,000 in revenues. Additionally, Information Resources Inc. (IRI) scan data reports rank Castro Cheese's LA VAQUITA products as the third best selling brand of Hispanic-style cheese on a nationwide basis.

19. Castro Cheese's products bearing the LA VAQUITA Marks are sold in many supermarkets and supermarket chains in at least nine states.

20. Retail customers rely upon Castro Cheese's LA VAQUITA Marks to distinguish Castro Cheese's goods from those of other companies and have come to expect that all products designated with the LA VAQUITA Marks will come from the same source and will be of equal quality with all the other products from that source.

21. As a result of Castro Cheese's long-time and extensive use and promotion of its LA VAQUITA Marks, these marks have become distinctive to designate Castro Cheese, to distinguish Castro Cheese's goods from others in the cheese business, and to distinguish the source or origin of Castro Cheese's goods. As a result of extensive efforts by Castro Cheese, its LA VAQUITA Marks have become well-known and widely recognized amongst consumers.

22.     Castro Cheese enjoys strong recognition of its LA VAQUITA Marks amongst its relevant consumer base, and has developed enormous goodwill in the LA VAQUITA Marks.

23.     Castro Cheese's LA VAQUITA Marks are inherently distinctive, serving to identify and indicate the source of Castro Cheese's goods to the consuming public, and to distinguish its goods from those of others.

**B.     La Vaquita's Activities**

24.     La Vaquita is a for-profit corporation that sells, among other things, cheese products in supermarkets and grocery stores.

25.     La Vaquita adopted a mark for various cheese products that features the terms "Vaquita" and/or "La Vaquita" prominently on its packaging above a picture of a cow.

26.     Castro Cheese informed La Vaquita of its significant trademark rights in, including its federal registrations for, the LA VAQUITA Marks. Castro Cheese requested that La Vaquita stop infringing Castro Cheese's federally registered marks.

27.     Carlos Ramos, agent for Defendant La Vaquita, spoke with Mrs. Maria Castro of Castro Cheese. Mr. Ramos verbally agreed that his business would cease use of its infringing mark, and that he would confirm his agreement in writing. Mr. Ramos then ceased communicating with Castro Cheese and its attorneys and reneged on the verbal agreement.

28.     La Vaquita has distributed and is selling its cheese products under its infringing labels in this district and elsewhere within the United States.

29.     La Vaquita uses its infringing labels on cheese products that compete directly with those sold by Castro Cheese under its LA VAQUITA Marks.

30. La Vaquita has never been authorized by Castro Cheese to adopt or use any mark consisting of "La Vaquita," "Vaquita" or any other label or mark similar to Castro Cheese's LA VAQUITA Marks.

31. La Vaquita's unauthorized use of the infringing label is likely to cause confusion, mistake, and deceit of the public as to the affiliation, connection, or association of La Vaquita with Castro Cheese, or as to the origin, sponsorship, or approval of La Vaquita's goods by Castro Cheese.

32. La Vaquita's unauthorized use of its confusingly similar label enables La Vaquita to trade on and receive the benefit of the goodwill built up in the LA VAQUITA Marks at great expense to Castro Cheese. It also allows La Vaquita to gain acceptance for its goods and services not solely on its own merits, but on the reputation and goodwill associated with Castro Cheese's LA VAQUITA Marks.

33. La Vaquita's unauthorized use of its confusingly similar labels limits and may prevent Castro Cheese from controlling the nature and quality of how its LA VAQUITA Marks are used which places the valuable reputation and goodwill of Castro Cheese in the hands of La Vaquita, over whom Castro Cheese has no control.

34. Unless this Court restrains La Vaquita's acts, these acts will continue and will continue to cause irreparable injury to Castro Cheese and to the public for which there is no adequate remedy at law.

## V. CONCLUSIONS OF LAW

35. La Vaquita's acts constitute:

    (a) infringement of Castro Cheese's federally registered trademarks, including those identified above.

(b) unfair competition, false designation of origin, palming off and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

(c) trademark infringement in violation of the common law of New York.

(d) unfair competition in violation of the common law of New York.

(e) unjust enrichment at the expense of Castro Cheese.

(f) an exceptional case within the meaning of 15 U.S.C. § 1117(a).

35. Castro Cheese's LA VAQUITA Marks and Registrations are valid.

**IT IS THEREFORE ORDERED THAT:**

36. La Vaquita, its officers, agents, servants, employees, successors, heirs and assigns, and all others acting in concert or participation with them are immediately and permanently enjoined:

(a) from using any mark, name, or designation comprised of "Vaquita," "La Vaquita," or that is likely to cause confusion with Castro Cheese's LA VAQUITA Marks;

(b) from importing any infringing goods into the United States and transporting any infringing goods in commerce for export outside the United States;

37. La Vaquita shall, within 45 days from the entry of this judgment:

(a) change its official corporate name to one that does not infringe Castro Cheese's trademarks;

(b) change any directory listings which list La Vaquita by its infringing name;

(c) notify any and all parties to existing or pending contracts entered into by La Vaquita of La Vaquita's new name.

38. La Vaquita shall, within 45 days from the entry of this judgment, remove, destroy, recall, or obliterate any and all products, labels, signs, prints, packages, wrappers, receptacles, photographs, catalogs, advertisements, and any other items or goods bearing any mark, name, or designation comprised of "Vaquita," "La Vaquita," or any other term or design that is likely to cause confusion with Castro Cheese's LA VAQUITA Marks, as well as all molds and other means of making the same as provided by 15 U.S.C. § 1118, which are in the possession, custody, or control of La Vaquita, its respective successors, assigns, affiliates, agents, servants, employees, representatives, distributors, or any other persons or entities acting in concert with La Vaquita.

39. Within 60 days of entry of this Order, La Vaquita shall file a sworn certification and written report, specifically advising the Court and Castro Cheese of:

(a) the number of all products produced, manufactured, or made by or for La Vaquita or under La Vaquita's control bearing the infringing marks or any word or words confusingly similar thereto;

(b) the number of such products removed, destroyed and/or recalled;

(c) the number of such products La Vaquita received in response to the removal and recall;

(d) the amount of such products in inventory; and

~~CONFIDENTIAL PURSUANT TO FED. R. EVID. 408~~

(e)  the steps taken to comply with each provision in this Order and that La Vaquita has fully complied with each provision of this Order.

ENTERED September ____, 2007

_Deborah A. Batts_
United States District Judge   11/27/07

AGREED
CASTRO CHEESE CO., INC.

By: _Mark J. Castro_

Name: _Maria Castro_

Title: _____

AGREED
LA VAQUITA INC.

By: _CARLOS RAMOS_

Name: _CARLOS RAMOS_

Title: _PRESIDENT_

AGREED AS TO FORM:

_Christopher R. Benson_
Christopher R. Benson
Attorney In-Charge
Texas Bar No. 02164020
Southern District Bar No. 6183
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
(512) 474-5201
(512) 536-4598 (FAX)

ATTORNEYS FOR PLAINTIFF
CASTRO CHEESE CO., INC.

AGREED AS TO FORM:

*→ _Carlos Ramos_